Argued February 3, reversed February 23, 1967

COASTAL ADJUSTMENT BUREAU, INC.,
*Respondent, v.* WEHNER ET AL, *Appellants.*

423 P. 2d 967

*Hale G. Thompson,* Eugene, argued the cause for appellants. On the briefs were Thompson, Mumford & Woodrich, Eugene.

*Edward N. Fadeley* and *Jerry W. Hendricks,* Eugene, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN and DENECKE, Justices.

GOODWIN, J.

The trial court held that a creditor who furnished necessaries for minor children upon the order of the divorced mother may recover against the father and that the father may not show in his defense that all payments required under the decree are current.

■ Courts dealing with the problem in other states have found a variety of solutions. The specific reasons for the results are as varied as the statutes and factual settings in the cases. See Annotation, 7 ALR 2d 491 (1949). But the general rule seems to be that a divorce decree fixing the amount of child support to be paid by the father fixes the upper as well as the lower limits of liability, subject to the right of the wife to move to modify the decree when sufficient reason exists.

Oregon statutes require parents to care for their children "who are poor and unable to work to maintain themselves," and enjoin a reciprocal duty upon children. ORS 109.010. The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them. ORS 108.040. But ORS 107.100 is the controlling statute dealing with the specific economics of child-support after divorce. There the Legislative Assembly has empowered the courts to decree that the parent not awarded custody shall pay the sum of money deemed proper toward the support of the children.

And in ORS 107.130 the courts are specifically empowered to modify such provisions from time to time as may be necessary.

To permit one parent to incur debt and then to permit the creditors to recover directly against the other parent would create uncertainty. Instead of a court modifying the divorce decree upon a full consideration of all the equities, one of the parties would assume the power to modify the decree merely by purchasing necessaries on credit.

It is urged that an exception ought to be made in a case of medical emergency. It is undeniable that a medical emergency can make an appealing case for equitable relief. It does not follow, however, that the courts should carve out a special rule to benefit creditors who extend credit for medical emergencies. There is no reason to believe that the children of divorced parents will be denied medical care if this court refuses to adopt the choice of law advocated by the creditor.

We conclude that the preferable rule is to make adequate provision for support in the divorce decree. When and if the circumstances warrant, application can be made to the divorce court under ORS 107.130 for supplemental relief. In the long run, the screening of such matters by the court, despite an occasional inconvenience, is more likely to work justice than the alternate plan of leaving modification of the decree to the discretion of one of the parents.

Reversed.