Argued November 2, reversed December 10, 1973

# ASBRIDGE, *Respondent, v.* LEFEVER (No. L-3583), *Defendant-Appellant,* GEKAS, *Intervenor-Appellant.*

516 P2d 746

*John L. Langslet,* Portland, argued the cause for appellants. On the briefs was Irving Rand, Baker.

*Ralph G. Monson,* Baker, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley. and Thornton, Judges.

FOLEY, J.

Defendant appeals from a judgment against him of $10,000 for past support of his children by his former wife, their mother.

The pertinent facts in this case may be summarized as follows: The plaintiff and defendant were married in 1945 and divorced in 1955. Before the divorce was completed the parties made a written stipulation which became part of the divorce decree. The stipulation assigned custody of their three minor children to plaintiff's mother and grandmother. Defendant-father was to pay support and maintenance for the children in such amounts as plaintiff's mother and grandmother and he should later agree upon.

Apparently no amount of support was ever agreed upon by the parties. Defendant has paid a total of $195 for his children's support since 1955, but there is nothing to indicate whether or not anyone asked him for more.

Within two years after custody of the children was awarded to their grandmother and great-grandmother, the plaintiff-mother took custody and raised and supported them from then until they reached majority or were self-supporting. No action was taken by the plaintiff to modify the decree either to obtain legal custody

or to require defendant to make support payments. The trial court found that plaintiff had expended at least $20,000 in raising the three children and ruled that defendant was liable for one-half of that amount, $10,000.

In 1971 the youngest of the three children, the only one who had not yet reached his majority, was killed in an automobile accident. His estate obtained a wrongful death settlement of $10,000. Absent this lawsuit, the estate would be divided equally between plaintiff and defendant as heirs of the estate. Plaintiff attached defendant's share, however, to obtain jurisdiction for this suit. Defendant assigned his interest in the estate to plaintiff's mother, who then intervened in the suit against her daughter. Defendant entered a general appearance at the trial.

■ This is not a suit to modify the original divorce decree, but is a separate suit for contribution. In *McFarlane v. McFarlane,* 43 Or 477, 73 P 203, 75 P 139 (1903), the plaintiff had obtained a divorce by default. The father had left the state and could not be brought within the jurisdiction of the court. In a later proceeding to modify the decree the Supreme Court quoted with approval this passage from 2 Nelson, Divorce & Separation § 981:

> " '* * * Where the statute provides that the court shall have power to modify the order at any time after the decree, it is clear that the court granting the order of custody will retain jurisdiction, not only as to questions of custody, but also as to support, and a wife cannot maintain an action in another court to recover the expense of keeping the children. Her only remedy is to apply to have the order modified by the court which granted it. * * *'
> * * *" 43 Or at 484-85.

This is currently the law in Oregon.

The reason for such a rule is pointed out in *Coastal Adjustment v. Wehner*, 246 Or 115, 423 P2d 967 (1967). There the divorced mother of minor children purchased medical necessaries for her children on credit. In an action by the creditor against the father the Supreme Court held that to allow one parent to make expenditures and then hold the other liable would

"* * * create uncertainty. Instead of a court modifying the divorce decree upon a full consideration of all the equities, one of the parties would assume the power to modify the decree merely by purchasing necessaries on credit.

"* *. * * *

"We conclude that the preferable rule is to make adequate provision for support in the divorce decree. When and if the circumstances warrant, application can be made to the divorce court * * * for supplemental relief: * * *" 246 Or at 117.

The court went on to place the statutory duties of parents to support in proper perspective:

"Oregon statutes require parents to care for their children 'who are poor and unable to work to maintain themselves,' and enjoin a reciprocal duty upon children. ORS 109.010. The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them. ORS 108.040. *But ORS 107.100* [making provision for support in a dissolution proceeding] *is the controlling statute dealing with the specific economics of child-support after divorce.* There the Legislative Assembly has empowered the courts to decree that the parent not awarded custody shall pay the sum of money deemed proper toward the support of the children. And in ORS 107.-130[①] the courts are specifically empowered to

---

① The provisions of ORS 107.130 referred to were repealed in 1971 and replaced by ORS 107.135, but the provision for modification of support decrees is substantially the same.

modify such provisions from time to time as may be necessary." (Emphasis supplied.) 246 Or at 116-17.

■ For the reasons set forth above, the judgment of the trial court is reversed and the case must be dismissed.

Reversed.