Argued July 25, affirmed October 20, 1975

IN THE MATTER OF THE SUPPORT OF RICHARD GORE,
MINOR CHILD

GORE, *Appellant, v.* GORE (No. 401-798),
*Respondent.*

541 P2d 154

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Jerold L. Billings,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and THORNTON and LEE, Judges.

THORNTON, J.

This is an appeal from the dismissal for lack of jurisdiction under ORS 180.310(1)(g) of petitioner's action.

The Welfare Recovery Division of the Department of Justice brought this action on behalf of Dorothy E. Gore, a public assistance recipient, to require her former husband, respondent, to pay $150 per month toward the support of Richard Gore, a minor child born to their marriage. The divorce decree granted Mrs. Gore in 1965 by the Superior Court of Muscogee County, Georgia, requires the respondent to pay $50 support per month, which he has done. The Division brought this action under ORS 180.310(1)(g), which authorizes it to bring actions against persons who fail to support dependents receiving public assistance. ORS 180.310(1)(g) provides:

"(1) The Welfare Recovery Division of the Department of Justice may:
"* * * * *

"(g) Initiate and prosecute cases of failure to support those persons who are in need of support and public assistance wherein such a duty of support has been placed upon an obligor by law * * *."

The sole issue for determination here is whether the Division has the authority to bring an independent action under the above section when a support obligation created by a valid divorce decree exists and is being met. The trial court ruled that the Division cannot so proceed. For the reasons set forth below, we affirm.

ORS 180.310(1)(g) authorizes the Division to bring

an action against a person when he is not meeting the duty of support imposed upon him "by law." The Division argues that the general statutory obligation of parents to support their children, ORS 109.010, together with the provisions of ORS 180.310(1)(g), is a sufficient basis for the Division to bring this action. While this may be sufficient in other situations, it is not sufficient where, as here, the support duty of a parent is specifically set out in a divorce decree. Where such a decree exists and is being complied with, such compliance meets the statutory support obligation of ORS 109.010 and is the sole support obligation of that parent. *Coastal Adjustment v. Wehner,* 246 Or 115, 116, 423 P2d 967 (1967).[1]

Since the respondent is paying the $50 per month required by the Georgia decree, he has not failed to fulfill the support obligation imposed upon him "by law" and the Division is therefore without authority to proceed under ORS 180.310(1)(g).

Affirmed.

---

[1] The support obligation imposed upon respondent by the Georgia decree is his legal obligation unless and until modified, and would be enforced by a court of equity here in Oregon. Hatch v. Hatch, 247 Or 588, 431 P2d 832 (1967).