## MORRIS v. FIDELITY & DEPOSIT CO. OF MARYLAND.

### No. 2833.

Court of Civil Appeals of Texas. Waco.

Jan. 27, 1949.

Rehearing Denied Feb. 17, 1949.

Rex Emerson, of Waco, for appellant.

Clark & Fisher, of Waco, for appellee.

LESTER, Chief Justice.

This is a suit by the appellee against the appellant upon a judgment rendered in its favor against the appellant by the District Court of Ellis County, Kansas. The parties will be referred to as they appeared in the trial court.

Plaintiff's petition in this suit properly described the judgment sued upon, and alleged further that the judgment was recovered by the plaintiff against the defendant upon the indemnity and subrogation agreement signed and executed by the defendant in his application for fidelity bond No. 4342472—50 issued by the plaintiff upon the application of the defendant, wherein and whereby plaintiff covenanted to reimburse defendant's employer, Duncan Coffee Company, for any and all loss occasioned to said Duncan Coffee Company due to any acts of fraud or embezzlement committed by the defendant or for any willful misappropriation or misapplication or wrongful abstraction of funds belonging to the said Duncan Coffee Company; that said judgment against defendant was for funds belonging to defendant's employer, Duncan Coffee Company, which were willfully and wantonly converted by the defendant to his own use without the knowledge or consent of his employer, and that the defendant's acts amounted to a willful and malicious injury to the property of his employer, Duncan Coffee Company; and the court, in this suit, found such to be the facts and incorporated the same in its judgment.

The only complaint asserted by the defendant against the judgment is by reason of the above findings made by the court below. The defendant contends that the foreign judgment sued upon was a mere personal judgment for debt, and since the judgment rendered herein should correspond in character, terms and amount of judgment sued on, the trial court erred in amending, enlarging and adding to said original judgment the above unauthorized findings and adjudication. He contends (1) that the court had no jurisdiction to make such findings, and (2) that the court had no legal evidence upon which to predicate such findings.

The plaintiff's petition in the District Court in Kansas alleged that upon the application of the defendant it executed as surety its bond to the defendant's employer, Duncan Coffee Company, as obligee, by the terms of which it covenanted to reimburse said Coffee Company for any and all loss occasioned to it by or due to any acts of fraud or embezzlement committed by the defendant or for any willful misappropriation or misapplication or wrongful abstraction of funds belonging to the Duncan Coffee Company and coming into the hands of the defendant or under his control as its employee; that while the bond was in full force and effect the Duncan Coffee Company presented its claim and furnished proof to the plaintiff that the defendant, while in its employ, had collected and not remitted or otherwise accounted for and had wrongfully misappropriated funds belonging to it and coming into the hands of the defendant in excess of the sum of $2000; that it was required to pay the Duncan Coffee Company, under the terms

of said bond, the sum of $1989; that by the terms of the application for said bond the defendant agreed to indemnify the plaintiff against all loss, liability, costs, damages and expense that the plaintiff might sustain or incur by reason of executing said bond; that the plaintiff demanded of the defendant to reimburse it for its loss, which he refused to do.

A copy of the proceedings, judgment and orders of the District Court of Kansas were properly attested and certified as required by law. Of the proceedings in the Kansas court the plaintiff introduced in evidence certified copies of the sheriff's return, the plaintiff's petition and the judgment, together with certificate attached thereto. The judgment contained the following: "Upon consideration of the petition of the plaintiff and the answer of the defendant and the evidence introduced and being fully advised in the premises the Court finds that the plaintiff is entitled to judgment against the defendant as prayed in its petition." Following the above findings, the judgment provided that the plaintiff should have and recover of and from the defendant the sum of $2725.25 together with its costs, but the judgment contained no findings as to the nature of the cause of action.

■■■ Article 4, Sec. 1 of the Federal Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." Section 687 [now § 1738], Title 28, U.S.C.A., provides for the method by which the records and judicial proceedings of any state or territory shall be authenticated, and then provides: "The said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken." We are of the opinion that the authenticated copies of the proceedings introduced by the appellee in this case were admissible and the trial court had a right to consider the pleadings in said cause which reflected the nature of the claim there asserted. The pleadings showed that it was a suit founded entirely upon the allegations of misapplication of funds that came into the hands of the defendant as an employee of the Duncan Coffee Company, which the plaintiff was required to pay by reason of its bond. Such being the facts, we are of the opinion that the trial court had the right to make the findings complained of.

■■ If we understand the defendant's contention, it is that since the judgment of the District Court of Kansas did not contain such findings but simply rendered a judgment for the amount due and costs, that the trial court here had no power to make them. The only damage that defendant complained of is that he says in his brief that the defendant has been damaged because a judgment worded as the Kansas City judgment could be discharged in bankruptcy, while a judgment with the findings contained in the judgment appealed from could not be so discharged. We are unable to agree with this contention. If the defendant's obligation to the plaintiff was one that could not be discharged in bankruptcy prior to the judgment, to hold that since the claim has been reduced to judgment, even though the judgment itself is silent as to the nature of the claim upon which it is founded, would give the defendant such relief, in our opinion would be contrary to the spirit and letter of the law. The bankruptcy court has the power to examine the entire record to determine whether a claim that has been reduced to judgment is one that comes within the exceptions to the bankrupt law. Globe Indemnity Co. v. Granskov, 246 Wis. 87, 16 N.W. 2d 437; Wieczorek v. Merskin, 308 Mich. 145, 13 N.W.2d 239; Bonnici v. Kindsvater, 275 Mich. 304, 266 N.W. 360; Belsey v. Deveraux, 150 Misc. 337, 269 N.Y.S. 127; In re Devereaux, 242 App.Div. 603, 271 N.Y.S. 1018; Boynton v. Ball, 121 U.S. 457, 7 S.Ct. 981, 30 L.Ed. 985; Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754; Zdarzynski v. Wegner, 7 Cir., 88 F.2d 899.

Finding no reversible error, the judgment of the trial court is in all things affirmed.