Argued April 5, modified and remanded with directions
September 20, 1967

HATCH, *Appellant, v.* HATCH, *Respondent.*

431 P. 2d 832

*Myron L. Enfield,* Salem, argued the cause for appellant. With him on the brief were Rhoten, Rhoten & Speerstra and Gary G. Jones, Salem.

*Donald J. DeFrancq,* Portland, argued the cause for respondent. With him on the brief were Davis, Jensen, Martin & Robertson, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and REDDING,* Justices.

O'CONNELL, J.

This is a proceeding under the Uniform Enforcement of Foreign Judgments Act (ORS 24.010–24.180). Plaintiff appeals from a decree ordering the registration of the foreign judgment.

The Superior Court of Grant County, Washington entered a decree granting plaintiff a divorce from defendant but ordered plaintiff to make certain monthly payments to defendant over a period of 120 months. Some of these payments were made; others were not.

Defendant filed a petition in the circuit court for Polk County, Oregon for the registration of the Wash-

---

* Redding, J., did not participate in this decision.

ington judgment. An order was entered registering the judgment. Summons was served on plaintiff, who filed an answer to which defendant responded with a reply. After a hearing on the petition, the court entered a decree making the Washington decree the decree and judgment of the circuit court of Polk county, specifically reciting that under the Washington decree the sum of $4,016.00 in unpaid installments had accrued and was then due and owing. The decree was preceded by "Findings of Fact" and "Conclusions of Law" which recited, among other things, that "certain future periodic installments * * * were intended as and for her [defendant's] maintenance and not as a division of their property rights."

Plaintiff interposed an objection to the foregoing "finding," on the ground that the court had no authority to make it or to make any other decree which went beyond the mere registration of the foreign judgment.

Plaintiff objects to the court's characterization of the decree as one for the payment of alimony because he contends that (1) a violation of a decree for the payment of alimony would render plaintiff liable for contempt of court, and (2) the decree would be subject to modification.

■■ We do not agree with plaintiff's contention that that the circuit court has no power to do more than register the foreign judgment. The Uniform Enforcement of Foreign Judgments Act (ORS 24.010 et seq.) would permit the parties to raise the same issues which could be raised in an action on a foreign judgment (ORS 24.080). Without question, the defenses of lack of jurisdiction, fraud in obtaining the judgment, and the running of the statute of limitations, and similar defenses going to the viability of the judgment could

be interposed in a proceeding for the registration of a foreign judgment. The judgment entered in the registration proceeding could also properly include a finding, based upon the record in the original proceeding, revealing the nature of the claim forming the basis for the judgment.[1] The right to present additional evidence beyond the record in the original proceeding presents a more difficult question.

■ But it was not necessary to resort to any of these devices for the purpose of clarifying the judgment in the present case. The nature of the judgment (i.e., whether the judgment is for a division of property or for the payment of support money) would be significant only in the event that it was necessary for either of the parties to take further action after the judgment was entered. Thus, if either party sought to modify the decree, it might then be necessary to decide whether the decree was for a division of the property or for the support of the defendant. If the decree was for the division of the property, it would not be subject to modification; if for the support of defendant, it is arguable that the foreign decree is modifiable although that question has never been resolved in Oregon and there is no necessity for resolving the question now.[2] Clarification might also be necessary in the event that defendant should seek to have imposed upon plaintiff the contempt sanction for failure to make payments in accordance with the decree.[3]

---

[1] Cf. Morris v. Fidelity & Deposit Co. of Maryland, 217 SW2d 678, 10 ALR2d 432 (Tex Civ App 1949).

[2] See Picker v. Vollenhover, 206 Or 45, 290 P2d 789 (1955); Cousineau v. Cousineau, 155 Or 184, 63 P2d 897, 109 ALR 643 (1936); Worthley v. Worthley, 44 Cal2d 465, 283 P2d 19 (1955) cited in Picker v. Vollenhover, supra.

[3] It is well established that the contempt sanction can be employed to enforce the payment of alimony. State ex rel Hewson v.

■ It is possible that neither of these contingencies will ever arise. It may be that neither party will seek modification of the decree and it is possible that plaintiff will either voluntarily pay the amount of the judgment or that execution on his property will yield enough to satisfy the judgment. Defendant has argued that plaintiff is execution proof but no evidence was adduced to support this contention. We hold, therefore, that the trial court erred in making the finding relating to the nature of the Washington decree.

■ Plaintiff also contends that the court below should not have included in the decree a direction that plaintiff pay future installments. The Washington decree was entitled to full faith and credit, both as to past due and future installments and it was proper for the court below to make specific in the registered judgment the nature of plaintiff's obligation in this respect.[4]

The cause is remanded with directions to modify the decree by eliminating therefrom that part of the decree which recites that the future periodic installments were intended as maintenance and not as a division of the property rights of the parties.

Neither party will recover costs.

Hewson, 129 Or 612, 277 P 1012, 63 ALR 1216 (1929). There is a conflict of authority as to whether agreements for the division of property incorporated in a divorce decree are enforceable by contempt. See, Note: Family Law; Divorce Settlement Agreements; Enforcement Through Contempt Proceedings, 6 U C L A L Rev 328 (1959); Note, Property Settlement Agreements—Contempt—Imprisonment for Debt, 34 Wash L Rev 192 (1959).

[4] Light v. Light, 12 Ill2d 502, 147 NE2d 34 (1958).