Submitted on record and briefs September 22, 1995, affirmed June 12, petition for review allowed August 6, 1996 (324 Or 18)
See later issue Oregon Reports

Roy MILLER,
*Appellant,*

*v.*

WATER WONDERLAND IMPROVEMENT DISTRICT
and Walter J. Seaborn,
*Respondents.*

(94-CV-0387-AB; CA A88388)

918 P2d 849

Roy Miller filed the briefs *pro se.*

Max Merrill and Merrill, O'Sullivan, MacRitchie, Petersen & Dixon filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

Armstrong, J., dissenting.

**EDMONDS, J.**

Plaintiff appeals a summary judgment dismissing his complaint that sought a declaration that he had the right to inspect the records of defendant Water Wonderland Improvement District (WWID) pursuant to the Public Records Law, ORS 192.410. ORCP 47. Plaintiff also appeals the denial of his cross-motion for summary judgment, the trial court's dismissal of defendant Seaborn pursuant to ORCP 21 A(8) and the trial court's award of costs to WWID. Based on the argument that plaintiff made to the trial court and to us, we affirm.

Plaintiff is a member of WWID, which is a nonprofit corporation organized under ORS chapter 554. In August 1994, plaintiff attempted to inspect the records of WWID at its office in furtherance of his protest of WWID's assessment of a $40 charge against each lot within the district. The assessment appeared on the tax rolls pursuant to ORS 544.130. Plaintiff also sought to examine the records because he was concerned about whether the directors of WWID had been elected in accordance with ORS 554.070.

Plaintiff alleges that he was denied access to records of WWID by Walter Seaborn (Seaborn), who was the president of the board of directors of WWID. After being refused access to WWID's records, plaintiff petitioned the Deschutes County District Attorney pursuant to ORS 192.470 for an order requiring WWID to make its records available to plaintiff for inspection and copying. The District Attorney declined to issue such an order.

Plaintiff then filed this action against WWID and Seaborn seeking a declaration "that the records required by plaintiff are public records under Oregon law subject to inspection, examination and copying by plaintiff," an order requiring WWID to make its records available, and an award of attorney fees and costs.[1] *See* ORS 192.460; 192.490. Seaborn filed a motion to dismiss pursuant to ORCP 21 A(8),

---

[1] ORS chapter 554 contains specific provisions granting an individual the right to examine the records of an ORS chapter 554 corporation. *See* ORS 554.090 and ORS 554.120. Plaintiff did not argue below or on appeal that he is entitled to examine the records of WWID pursuant to these provisions.

arguing that he was not a proper party under the public records statutes. The trial court granted the motion.

WWID also filed a motion for summary judgment, arguing that it was not a "public body" as defined in ORS 192.410(3) and thus was not subject to the Public Records Law requirement that it permit public inspection and copying of its records. Plaintiff then filed a cross motion for summary judgment arguing that WWID is a "special district" as mentioned in ORS 192.410(3) and as defined in ORS chapter 198 and is therefore subject to public inspection of its records. The trial court granted WWID's motion for summary judgment, and plaintiff appeals.

ORS 192.420 provides:

"Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.505."

ORS 192.410(3) defines "public body":

" 'Public body' includes every state officer, agency, department, division, bureau, board and commission; every county and city governing body, school district, *special district*, municipal corporation, and any board, department, commission, council, or agency thereof; and any other public agency of this state." (Emphasis supplied.)

ORS chapter 192 does not define a "special district."

On appeal, plaintiff makes only one substantive argument in support of his contention that the trial court erred in granting summary judgment to WWID. According to plaintiff, WWID is not entitled to summary judgment because it is a "special district" within the meaning of ORS 192.410(3). Plaintiff reasons that "[t]hrough the language of ORS 198.110(2), ORS 198.180(3) and ORS 198.210(1), defendant WWID is added to those districts in ORS 198.010 * * *."[2]

---

[2] ORS 198.010 enumerates 24 different entities designated as a district. Although chapter 554 corporations are not included, the statute does include the following entities related to the control and management of water:

"As used in this chapter, except as otherwise specifically provided, 'district' means any one of the following:

"* * * * *

"(15) An irrigation district organized under ORS chapter 545.

"(16) A drainage district organized under ORS chapter 547.

In the analysis that follows, we address only that argument and deem it unpersuasive. We address no other arguments, statutory or otherwise, that plaintiff could have made in support of his contention that the trial court erred in granting summary judgment to WWID.[3]

ORS 198.330(2) provides:

"As used in ORS 198.335 in addition to the meaning given the term by ORS 198.010, 'district' means any one of the following:

"* * * * *

"(2) A corporation for irrigation, drainage, water supply or flood control organized under ORS chapter 554."

ORS 198.335 governs the dissolution of inactive districts and provides in part:

"As used in ORS 198.335 to 198.365, unless the context requires otherwise:

"* * * * *

"(2) 'Special district' has the meaning given 'district' by ORS 198.210 and 198.330."

Also, ORS 198.180(3), which relates to the compensation and expenses of board members of a district, provides in part:

"As used in ORS 198.190, unless the context requires otherwise, 'district' has the meaning given that term by ORS 198.010 (2) to (5) and (7) to (23). In addition, 'district' means any one of the following:

"(17) A water improvement district organized under ORS chapter 552.

"(18) A water control district organized under ORS chapter 553."

[3] All of plaintiff's supporting arguments focus on the above assertion. The dissent concedes *sub silentio* that the analysis on which it relies was not raised by plaintiff below or on appeal. See 141 Or App at 414 n 6. Nonetheless, it opines that "our construction of the statute cannot be controlled by the arguments made by the parties." *Id.* That assertion evidences a curious and erroneous interpretation of ORAP 5.45(2).

Moreover, the dissent's reliance on *Pacificorp. v. City of Ashland*, 89 Or App 366, 749 P2d 1189, *rev den* 305 Or 594 (1988), is similarly misplaced. In that case, we held that the plaintiff made the arguments to the trial court and on appeal that permitted us to decide the question before us. Also, the dissent's proposal has the effect of depriving us of the benefit of briefing and oral argument by the parties and the analysis of the trial court. Finally, it is unfair to WWID to analyze the meaning of a statute in a manner that has not been litigated below or on appeal.

"\* \* \* \* \*

"(3) A corporation for irrigation, drainage, water supply or flood control organized under ORS chapter 554."

Finally, ORS 198.210 provides in part:

"As used in ORS 198.220, in addition to the meaning given the term by ORS 198.010, 'district' means any one of the following:

"(1) A corporation for irrigation, drainage, water supply or flood control organized under ORS chapter 554."

ORS 198.210 requires that any member of a governing body or any officer or employee of a district who is charged with possession and control of district funds and properties must maintain a bond or irrevocable letter of credit.

 WWID concedes that ORS chapter 554 corporations are governed by some ORS chapter 198 provisions for limited purposes and that as a "public corporation," it is subject to certain portions of ORS chapter 192.[4] However, it argues that the selective inclusion of ORS chapter 554 corporations in the other provisions of ORS chapter 198 and the omission of such corporations from the organizations enumerated in ORS 198.010 defeats plaintiff's argument.

We agree with WWID. Plaintiff's argument presents a question of statutory interpretation. In construing the legislature's intent, we look first to the text and context of the

---

[4] WWID concedes that it is a "public corporation." For instance, ORS 192.005 through ORS 192.170 governs the custody and maintenance of public records. ORS 192.005 provides in part:

"As used in *ORS 192.005 to 192.170,* unless the context requires otherwise:

"\* \* \* \* \*

"(4) 'Political Subdivision' means a city, county, district or any other municipal or *public corporation* in this state." (Emphasis supplied.)

Similarly, ORS 192.610 to ORS 192.690 govern public meetings. ORS 192.610 provides in part:

"As used in *ORS 192.610 to 192.690;*

"\* \* \* \* \*

"(4) 'Public body' means the state, any regional council, county, city or district, or any municipal or *public corporation,* or any board, department, commission, council, bureau, committee or subcommittee or advisory group or any other agency thereof." (Emphasis supplied.)

statutes. The first level of inquiry includes rules of construction on how to read the text. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). If the meaning of the statute is clear from the text and the context of the language of the statute, our inquiry goes no further. Here, the legislature has included ORS chapter 554 corporations within the scope of ORS chapter 198 only for specific purposes. Plaintiff's construction of the statute asks us to do what is forbidden by law: to include ORS chapter 554 corporations within the language of ORS 198.010 even though its language is clear. We are not authorized to insert into a statutory scheme what the legislature has omitted. ORS 174.010. Based on the argument made by plaintiffs, we conclude that the trial court was correct when it granted summary judgment to WWID.[5] In the light of our ruling, plaintiff's remaining assignments of error do not require discussion.

Affirmed.

**ARMSTRONG, J.,** dissenting.

The majority concludes that Water Wonderland Improvement District is not a public body subject to the public records inspection law in ORS chapter 192 because it is not listed among the districts in ORS 198.010 to which all of ORS chapter 198 applies. The majority's analysis is flawed because nothing suggests that the list of districts in ORS 198.010 is intended to identify the special districts that ORS 192.410(3) makes subject to the public records law.

When the legislature included the term "special districts" among the list of governmental entities in ORS 192.410(3) to which the public records inspection law applies, it presumably intended for the term to cover a particular type of entity. I do not doubt that the term was intended to cover

---

[5] Moreover, the Supreme Court has specifically recognized that the legislature has distinguished between an ORS chapter 554 corporation and a special district. In *Comeaux v. Water Wonderland Improvement Dist.*, 315 Or 562, 568, 847 P2d 841 (1993), a case involving the same defendant, the Supreme Court stated:

"A 554 corporation cannot do things that governments commonly can — or must — do. For example, 554 corporations are not subject to *special district* election laws (ORS 255.012), local budget laws (ORS 294.316(2)), public contract and purchasing laws (ORS 279.011(6)), or municipal audit laws (ORS 297.405(6))." (Emphasis supplied.)

all of the districts listed in ORS 198.010. It is equally clear to me, however, that the list of districts in ORS 198.010 is not coextensive with the list of special districts that are subject to the public records inspection law. That is true for several reasons.

First, by definition, ORS 198.010 identifies only the districts that are subject to all of the provisions of ORS chapter 198. ORS 198.010 provides that, "[a]s used in [chapter 198], except as otherwise specifically provided, 'district' means any one" of the entities listed in that section. By its terms, the section does not purport to identify the special districts that are made subject to the public records inspection law by ORS 192.410(3). *See, e.g., Enertrol Power Monitoring Corp. v. State of Oregon*, 314 Or 78, 84, 836 P2d 123 (1992) (definition of a term in one statute generally does not control the meaning of that term in another).

ORS chapter 198 simply collects together a group of statutory provisions that are intended to apply to certain enumerated districts. That an entity is not one to which all of the provisions in ORS chapter 198 apply and, hence, that it is not one of those listed in ORS 198.010, establishes nothing about whether it is a special district under ORS 192.410(3).

Second, that conclusion is bolstered by the fact that ORS chapter 255, which is entitled "Special District Elections," has a list of entities that are subject to its provisions that is different from the list of entities in ORS 198.010 that is subject to ORS chapter 198. For example, ORS 255.012 lists translator districts, county road districts, county service districts and the Port of Portland among the entities that are subject to ORS chapter 255, yet those entities are not listed in ORS 198.010. *Compare* ORS 198.010 *with* ORS 255.012. I can discern no principled reason to choose the list of entities in ORS 198.010 over the list of entities in ORS 255.012 in order to resolve whether a particular entity is a special district under ORS 192.410(3). That one cannot make such a choice simply confirms that neither list is intended to identify the special districts to which the public records law applies.[1]

---

[1] That is not surprising. The purpose of ORS chapters 198 and 255 is to make certain statutes applicable to certain districts, because the legislature believed it appropriate to do so. Nothing suggests that one of the purposes that the legislature

Third, the treatment of the Port of Portland confirms that understanding. The Port of Portland is not listed in ORS 198.010 as a district to which chapter 198 applies, even though other port districts are. *Compare* ORS 198.010(20) *with* ORS 778.010. Under the majority's analysis, the Port is not a special district to which the public records inspection law applies, because it is omitted from the list of districts in ORS 198.010.

To the contrary, I have no doubt that the Port is a special district under ORS 192.410(3), notwithstanding its omission from ORS 198.010. The omission of the Port from 198.010 means only that the legislature did not think it necessary to make the Port subject to all of the provisions of ORS chapter 198. For example, ORS chapter 198 has provisions that deal with the dissolution of inactive districts. *See* ORS 198.330 - 198.365. Given that the Port was created by a special legislative act, *see* ORS 778.010, and that there is little reason to expect it to become inactive, it is not surprising that the legislature did not choose to make the provisions on dissolution of inactive districts applicable to the Port.[2]

Finally, there are districts that are not listed in either ORS 198.010 or ORS 255.012 that appear to have characteristics that are similar to those of some of the districts that are listed in those provisions. For example, soil and water conservation districts established under ORS chapter 568 are not listed under ORS 198.010 or 255.012, but drainage districts established under ORS chapter 547 are. There are differences between the two types of entities that explain why one type is listed in ORS 198.010 and the other is not, but those differences do not appear relevant to whether one district would be considered to be a special district under ORS 192.410(3) and the other would not. In summary, the determination whether Water Wonderland is a

---

sought to achieve in making those provisions applicable to those districts was to identify the special districts to which the public records inspection law applies.

[2] Interestingly, it is unclear why the legislature made as much of ORS chapter 198 applicable to the Port as it did. For example, ORS 198.425 makes the Port subject to the provisions in ORS chapter 198 by which elected officials are recalled, yet, as far as I am aware, there are no Port officials who are elected to their office by electors, so there is no apparent reason for the provisions to apply to the Port.

special district under ORS 192.410(3) cannot be resolved by examining ORS 198.010.

The majority also claims support for its decision from *Comeaux v. Water Wonderland Improvement Dist.*, 315 Or 562, 847 P2d 841 (1993). *Comeaux* adds nothing relevant to the analysis. *Comeaux* involved whether Water Wonderland is a "governmental unit" for purposes of Article XI, section 11b(2)(B), of the Oregon Constitution. The Supreme Court held that it is not, based principally on the fact that it does not have "legal voters" or "electors." *Id.* at 570-71. The court went on to note that Water Wonderland is not subject to chapter 255, the chapter on special district elections, but that is not surprising.[3] Because chapter 554 corporations such as Water Wonderland do not have electors, there is no reason to make them subject to the election provisions of chapter 255.

That a governmental entity does or does not have electors conceivably could bear on whether it is a special district under ORS 192.410(3), but the resolution of whether an entity is such a district does not turn on whether it is subject to ORS chapter 255. If it did, several of the districts listed in ORS 198.010 would not be considered to be special districts under ORS 192.410(3), because they, too, are excluded from coverage under ORS chapter 255. *Compare* ORS 198.010 *with* ORS 255.012.

At bottom, there is no reason to conclude that the legislature had any specific list of districts in mind when it used the term "special district" in ORS 192.410(3) to identify a type of governmental entity to which the public records inspection law applies. Hence, the majority is wrong to conclude that the failure to list chapter 554 corporations in ORS 198.010 or ORS 255.012 bears on whether those corporations are special districts under ORS 192.410(3).[4]

---

[3] One must be careful about the use of the term "special district elections." The heading for chapter 255 is "Special District Elections," but that heading has no legal significance. ORS 174.540. The heading may accurately identify the import of the chapter, but one cannot simply equate the term "special district" in ORS 192.410(3) with the districts that are made subject to ORS chapter 255.

[4] *See also* ORS 199.420(11) (identifies chapter 554 corporations as districts that *are* subject to local government boundary commissions).

Plaintiff argues that Water Wonderland is a special district under ORS 192.410(3) because it is subject to some of the provisions in ORS chapter 198 that apply to districts, including some that specifically refer to special districts. *See* ORS 198.180; 198.210; 198.330; 198.335. He reasons that, if Water Wonderland is treated as a special district for some purposes, then it should be treated as such a district for purposes of ORS 192.410(3), particularly when the term "special district" is not otherwise defined for that purpose.

Plaintiff's argument has some appeal, but it suffers from the same flaw as does the approach used by the majority, in that it resolves whether chapter 554 corporations are special districts under ORS 192.410(3) based on whether certain *other* statutes treat them as special districts, when the other statutes serve purposes wholly unrelated to identifying what are special districts for purposes of ORS 192.410(3). Instead of looking to other statutes, it is appropriate simply to analyze what the words "special district" mean in the context of Oregon law.

A district is a public corporation that performs governmental functions or services within a specific geographic area. *See, e.g.*, Or Const Art IV, § 1(5) (by implication); ORS 778.010 (by implication). A special district is one that performs selected governmental functions or services, such as water or fire service, as authorized by the statutes under which it is created. *See, e.g.*, ORS ch 264 (domestic water supply district); ORS ch 478 (rural fire protection district). It is distinguished in that respect from a municipal corporation, such as a city, which usually has no specific limitation on the functions or services that it can perform within its boundaries. *See, e.g.*, Or Const, Art IV, § 1(5); *id.* Art XI, § 2; ORS 221.410; *La Grande/Astoria v. PERB*, 281 Or 137, 140-55, 576 P2d 1204, *aff'd on rehearing* 284 Or 173, 586 P2d 765 (1978).

Chapter 554 corporations such as Water Wonderland are public corporations that are authorized to provide irrigation, drainage, domestic water supply and flood control services within a specific geographic area. *See* ORS 545.020; 545.050.[5] Those services are services traditionally provided

---

[5] A chapter 554 corporation can be organized as a for-profit corporation or as a nonprofit corporation. ORS 554.040(2)(a), (7); ORS 554.050. If organized as a

by governmental entities, at least in Oregon. *See, e.g.*, ORS 545.025 (irrigation district); ORS 547.005 (drainage district); ORS 264.110 (domestic water supply district). Because Water Wonderland is a public corporation that provides selected governmental services within a specific geographic area, it satisfies all of the relevant criteria for a special district under Oregon law. In the absence of a reason to believe that "special district" has a peculiar meaning under the public records law, it follows that Water Wonderland is a special district under ORS 192.410(3) and that its records are subject to public inspection. The trial court erred in concluding otherwise.[6] Consequently, I respectfully dissent from the decision to affirm the trial court's judgment.[7]

---

nonprofit corporation, the corporation is considered to be a public corporation. ORS 554.050(6). Water Wonderland is a nonprofit corporation and, hence, a public corporation.

[6] The majority notes that the analysis on which I rely to conclude that Water Wonderland is a special district under ORS 192.410(3) is different from the analysis on which plaintiff relied below and on appeal. Our task is to construe ORS 192.410(3) to determine whether it applies to chapter 554 public corporations. Our construction of the statute cannot be controlled by the arguments made by the parties. *See generally PacifiCorp v. City of Ashland*, 89 Or App 366, 370-71, 749 P2d 1189, *rev den* 305 Or 594 (1988). Here, the majority does more than reject plaintiff's arguments about the statute. It implicitly endorses defendants' and the trial court's erroneous construction of it, which is why I feel obliged to construe it correctly.

[7] Plaintiff also objects on appeal to the dismissal of a Water Wonderland official as a defendant in the case, contending that the official is a proper party in an action under ORS 192.490 to compel access to Water Wonderland's records. Plaintiff is wrong. Actions to compel access to public records can be brought only against the governmental entity that holds the records. *See* ORS 192.490(1). Plaintiff's remaining assignment of error does not require discussion.