Argued and submitted January 17, 1997, decision of Court of Appeals and judgment of the circuit court reversed, and case remanded to circuit court for further proceedings January 23, 1998

## Roy MILLER,
*Petitioner on Review,*

*v.*

## WATER WONDERLAND IMPROVEMENT DISTRICT and Walter J. Seaborn,
*Respondents on Review.*

## (CC 94-CV-0387-AB; CA A88388; SC S43442)

951 P2d 720

Roy Miller, Sunriver, argued the cause and filed the briefs *in propria persona*.

Max Merrill, of Merrill, O'Sullivan, MacRitchie, Petersen & Dixon, Bend, argued the cause and filed the briefs for respondents on review.

FADELEY, J.

Durham, J., dissented and filed an opinion.

## FADELEY, J.

By a complaint for declaratory relief filed in circuit court, plaintiff seeks to inspect and copy records of a water district corporation established under ORS chapter 554. The complaint alleges that plaintiff is a member of the water district corporation, that he requests to inspect and copy the district records, and that the district refuses the request. Specifically, the complaint seeks a declaration of plaintiff's right to

> "inspection, examination, and copies of the records of [defendant] including minutes of meetings of the board of directors * * * and other records of [defendant] referenced in other minutes of the board."

Before defendant district[1] filed an answer to the complaint, both parties filed motions for summary judgment. Defendant's response to plaintiff's opposition to its motion argued, first, that it was not an entity subject to the Public Records Law, ORS 192.410 to 192.505, and, second, that

> "Plaintiff has adequate recourse to examine the records of this corporation under ORS 554.120(1)."[2]

The circuit court granted defendant's motion and entered summary judgment for defendant, basing its ruling on the Public Records Law.

On plaintiff's appeal from that judgment, defendant again asserted, among other things, that ORS 554.120(1) applies. Defendant argued that that statute is

> "an internal statutory procedure for members to obtain access to the corporate records.

---

[1] The individual defendant is not presently in the case.

[2] ORS 554.120(1) provides:

"The board of directors shall cause to be kept a well-bound book entitled 'Records of Proceedings of Board of Directors,' in which shall be recorded minutes of all meetings, proceedings, certificates, bonds, and any and all corporate acts, which records shall be at all times open to the inspection of anyone interested, *whether members* or creditors." (Emphasis added.)

The request for declaratory relief alleged in plaintiff's complaint closely tracks the wording of ORS 554.120(1), except for the words "examination and copies."

"* * * There is no need for a Chapter 554 corporation to be bound by the Public Records law since separate procedures are available to assure membership access to the records."

■ Defendant's position—that ORS 554.120(1) controls this case—raises, in our view, the dispositive issue. That issue is whether a plaintiff who is a member is entitled under that statute to a judgment requiring that he be permitted to inspect the records of an ORS chapter 554 water district. Because of the allegations in plaintiff's complaint, the issue includes the question whether the member may examine and obtain copies of the records referred to by the statute.

We review the record on summary judgment in the light most favorable to the party opposing the motion. *Double Eagle Golf, Inc. v. City of Portland*, 322 Or 604, 606, 910 P2d 1104 (1996). In this case, that review presents a question of law as to the meaning of the statute.

■ Although the Court of Appeals affirmed the summary judgment for defendant without addressing ORS 554.120(1), *Miller v. Water Wonderland Improvement District*, 141 Or App 403, 409, 918 P2d 849 (1996), we agree with defendant that that statute applies to this case.[3] The statute is specific to ORS chapter 554 corporations and to the district records that are the subject matter of plaintiff's declaratory claim. Accordingly, this court must determine the legislature's intent in enacting ORS 554.120(1). ORS 174.020. In that inquiry, the court first looks to the statutory text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). The plain wording of ORS 554.120(1) confers a right of inspection of the district records described. Context confirms that right.[4]

---

[3] The Court of Appeals noted that ORS chapter 554 "contains specific provisions granting an individual the right to examine the records of an ORS chapter 554 corporation," but took the view that *plaintiff* did not claim entitlement under that statute. *Miller*, 141 Or App at 405 n 1. Accordingly it limited its decision in the case to interpretation of statutes related to "districts" in ORS chapter 198. *Id.* at 406.

However, the parties may not prevent a court from noticing and invoking an applicable statute by relying only on other sources of law. Furthermore, defendant expressly relied on the availability of relief under ORS 554.120.

[4] As relevant context, ORS 554.090(2) was enacted in the same bill that created ORS 554.120(1) and speaks about the right of inspection in the following terms:

The legislature's intent is clear that any member has a right under ORS 554.120(1) to inspect the statutorily referenced records. We declare that such a right exists in favor of plaintiff under the facts alleged in the present case. The summary judgment for defendant is reversed.

The included question, whether and how a member-plaintiff may obtain copies of the records, remains. We turn to that question, which need not detain us long. During oral argument in this court, defendant conceded that plaintiff, as a member, had a right to receive a copy of such records for a fee representing the actual and reasonable cost to the district. We so declare.[5]

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

**DURHAM, J.,** dissenting.

I respectfully dissent.

This case is before the court on cross-motions for summary judgment. The parties raise only two questions, one legal and one factual. I will discuss each question below in detail. If defendant prevails on *either* question, it is entitled to a judgment dismissing the complaint. By contrast, plaintiff is entitled to summary judgment only if he prevails on *both* questions.

1. *Plaintiff's claim arises under ORS 192.410 et seq., not ORS 554.120(1).*

---

"The board shall elect a secretary who shall keep a fair and correct record of all its proceedings and the official business of the corporation, which shall be open to the inspection of all members as well as to all other interested persons."

[5] Enactment of the statute mandating disclosure of district records to a member was not accompanied by enactment of any express enforcement mechanism. However, plaintiff seeks a declaration of his statutory rights. Provisions of the Uniform Declaratory Judgments Act enable a litigant to obtain a court declaration of the meaning of a statute and of the litigant's status and rights thereunder. ORS 28.010, 28.020. Ancillary relief is available to enforce the rights declared. ORS 28.020, 28.080, 28.120; *see also Burke v. Children's Services Division*, 288 Or 533, 542, 607 P2d 141 (1980) (so holding).

Because of the foregoing disposition, we do not reach the applicability of ORS chapter 192 or the potential effect of ORS chapter 198.

The legal question is whether defendant is a "public body" because it is a "special district," as those terms are used in ORS 192.410(3), which provides:

> " *'Public body' includes* every state officer, agency, department, division, bureau, board and commission; every county and city governing body, school district, *special district*, municipal corporation, and any board, department, commission, council, or agency thereof; and any other public agency of this state." (Emphasis added.)

Plaintiff asserts that defendant is a "public body" under ORS 192.410(3) and, consequently, must permit plaintiff to inspect and copy defendant's business records pursuant to the Inspection of Public Records law, ORS 192.410 to 192.505. Plaintiff has made that argument, and only that argument, at every stage of this litigation. Defendant contends that it is not a "public body" under ORS 192.410(3).

The trial court held that defendant was not a "public body" under ORS 192.410(3) because it was a "non-profit public corporation created pursuant to ORS chapter 554. It is not a special district." The Court of Appeals agreed and affirmed. *Miller v. Water Wonderland Improvement District*, 141 Or App 403, 918 P2d 849 (1995).

Given that legal issue, it cannot be gainsaid that the parties, the trial court, and the Court of Appeals will be surprised—a stronger term may be appropriate here—to read the majority's response. The majority evades completely the question whether defendant is a public body subject to ORS 192.410 to 192.505. The majority recharacterizes the legal question and asks instead whether defendant has denied plaintiff his right, under ORS 554.120(1),[1] to inspect records of an ORS chapter 554 corporation of which he is a member.

Plaintiff never pleaded or argued below, in any manner, that defendant violated ORS 554.120(1). His amended complaint made only one reference to ORS chapter 554, by

---

[1] ORS 554.120(1) provides:

"The board of directors shall cause to be kept a well-bound book entitled 'Records of Proceedings of Board of Directors,' in which shall be recorded minutes of all meetings, proceedings, certificates, bonds, and any and all corporate acts, which records shall be at all times open to the inspection of anyone interested, whether members or creditors."

identifying defendant as "a public non-profit corporation incorporated under the provisions of ORS 554.005 to ORS 554.340." In my view, the mere identification of the statutes that authorize defendant's creation as a nonprofit corporation is not sufficient to raise any issue concerning defendant's possible violation of ORS 554.120(1).

Every other material allegation in plaintiff's amended complaint addressed defendant's asserted liability for violating the Inspection of Public Records law, ORS 192.410 *et seq*. After describing plaintiff's August 18, 1994, request to inspect, examine, and obtain copies of some of defendant's records, plaintiff alleged:

"4.

"The request by the plaintiff for inspection, examination, and copies of records was made under rights granted to the public for reasonable and proper opportunities for inspection of the records of a public body in the office of the public body pursuant to ORS 192.420 and ORS 192.430.
* * *

"5.

"Plaintiff then petitioned the Deschutes County District Attorney under the provisions of ORS 192.470, to order the WWID to make available for inspection certain records of the WWID. * * *

"* * * * *

"7.

"Under ORS 192.460 and ORS 192.470, an actual controversy has arisen between plaintiff and defendants over the inspection, examination, copying, and production of public records of the WWID. Plaintiff contends that records of the WWID are required to be made available for inspection, examination, and copying under ORS 192.420, ORS 192.430, and ORS 192.440. * * * This restraint imposed on plaintiff is not reasonable and not in accordance with ORS 192.430.

"8.

"This declaratory proceeding is specifically authorized under ORS 192.460 and ORS 192.465 and is governed by ORS 192.490."

In his prayer, plaintiff sought

"an order requiring defendants make available such records immediately for inspection, examination and copying by plaintiff in accordance with ORS 192.430."

Plaintiff never asked for a declaration that defendant violated ORS 554.120(1).

Because this appeal arises from a summary judgment proceeding, it is appropriate to examine plaintiff's motion for summary judgment, as well as his amended complaint, to determine the legal basis on which he sought summary judgment. Plaintiff's motion discloses that plaintiff was in a dispute over defendant's assessment practices concerning plaintiff's property located within defendant District. Among other things, plaintiff contended that none of defendant's directors was elected in accordance with ORS 554.070 or 554.090 and, for that reason, the assessment was unauthorized by law. He sought defendant's records concerning the directors' election to the board, and this action ensued. The parties disagree whether defendant denied plaintiff access to any records, but I discuss that separate factual question below.

Plaintiff's motion for summary judgment argued extensively that defendant was a "public body" under ORS 192.410(3), and concluded:

"WHEREFORE, it is respectfully submitted plaintiff has the right to inspect, examine and copy the public records of defendant WWID in accordance with ORS 192.430[.]"

Plaintiff's motion does not assert that defendant violated ORS 554.120(1).

It is correct that, in defending against plaintiff's motion, defendant argued that the court should deny plaintiff any relief under ORS 192.410 *et seq.* because he had "adequate recourse to examine the records of this corporation under ORS 554.120(1)." That argument, whether correct or incorrect on its merits, does not serve to shift the legal basis of plaintiff's claim from ORS 192.410 *et seq.* to ORS 554.120(1). The phrase quoted above merely stated another reason why the court should deny plaintiff's claim under ORS

192.410 *et seq.* Considering defendant's argument in its proper context, the majority unfairly distorts defendant's argument by asserting that it was defendant's "position" that "ORS 554.120(1) controls this case." 326 Or at 309. That context explains why both the trial court and the Court of Appeals resolved this case under ORS 192.410 *et seq.* and did not base their rulings on ORS 554.120(1).

As this court has pointed out in the past, ordinarily it is essential that a party raise an issue at trial. *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988). It is less essential to identify a source for a claimed position and least essential to make a particular argument in support of a claimed position. *Ibid.* In this case, the only issue that plaintiff raised at trial was defendant's liability, if any, under ORS 192.410 *et seq.* Plaintiff gave neither lower court a meaningful chance to consider and decide whether defendant had violated any duty imposed on it by ORS 554.120(1). Because rules regarding preservation of error protect the fundamental fairness of litigation as a case advances through the appellate process, we should enforce those rules, not disregard them. *See Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995):

> "[T]he rules pertaining to preservation of error in trial courts are intended to advance goals such as ensuring that the positions of the parties are presented clearly to the initial tribunal and that parties are not taken by surprise, misled, or denied opportunities to meet an argument."

It appears to me that the trial court and the Court of Appeals probably were correct in ruling that defendant is not a "public body" under ORS 192.410(3), but it is unnecessary to take a position on that question for purposes of this opinion. The majority has transformed completely the basis for this action in a way that plaintiff never conceived. It is not surprising that defendant's briefs, at trial and on two levels of appeal, make no attempt to justify defendant's conduct under ORS 554.120(1). The majority's last minute change of the playing field in this action has denied defendant fair notice and the opportunity to be heard on the majority's novel theory of liability.

## 2. *The factual record supports defendant, not plaintiff.*

The factual issue concerns plaintiff's claim that defendant denied plaintiff access to its records. Plaintiff argued in his motion for summary judgment that defendant had denied him such access. He stated that he relied on the "pleadings and file in this case." Plaintiff did not file an affidavit to support his motion or to resist defendant's motion for summary judgment. In its response to plaintiff's motion for summary judgment, defendant asserted that it furnished plaintiff with the records of defendant that plaintiff requested. Defendant also filed an affidavit of Walter Seaborn. It stated, as material:

"1. I am the President and a member of the Board of Directors of Water Wonderland Improvement District.

"2. Roy Miller has previously requested certain records of the corporation. I have furnished those records to Mr. Miller through his then attorney, Raymond A. Babb.

"3. We have never denied Mr. Miller access to the corporate records. * * * We will continue to provide records to Mr. Miller upon proper request."

That affidavit supports defendant's factual argument that defendant did not refuse to provide its records to plaintiff. It stands unrebutted on the record before the court.

The trial court did not address the significance of the facts asserted in the affidavit, as well as the absence of any factual rebuttal to the affidavit, because it resolved the case on the alternative legal ground discussed earlier in this opinion. However, this court cannot avoid addressing defendant's factual defense in deciding whether plaintiff is entitled to relief.

ORCP 47 D states, in part:

"When a motion for summary judgment is made and supported [by an affidavit] as provided in this rule an adverse party may not rest upon the mere allegations or denials of that party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If the adverse party does not so

respond, summary judgment, if appropriate, shall be entered against such party."

The majority's decision to grant affirmative relief to plaintiff violates that rule. Because the record, viewed in the light most favorable to defendant, establishes that plaintiff's factual claim of a denial of records is not true, the only proper disposition of this case is to affirm the trial court's decision granting summary judgment to defendant. That disposition is compelled by the last sentence of the excerpt of ORCP 47 D quoted above, and the majority provides no explanation for avoiding that rule.

Finally, the majority's construction of ORS 554.120(1) is incorrect. That statute affords members and creditors of defendant a right of "inspection" regarding the corporation's records. That right encompasses the opportunity to *view* the corporation's records, but nothing more. With no reference to the statutory text or other evidence of legislative intention, the majority declares that plaintiff's right of inspection also includes a right to receive copies of the inspected documents and the authority to charge a fee for the copies.

There may be good reasons to support a statutory amendment that would embody the additional policy choices that the majority has discovered in ORS 554.120(1). On the other hand, the legislature may have had compelling reasons to limit plaintiff's right to one of "inspection" only. Ordinarily, plaintiff would be required to debate in the legislative assembly the wisdom of imposing on defendant the duty to provide copies of its records to members, and whether it should charge a fee for that service. The majority has sidestepped that normal process and has granted to plaintiff rights against defendant that the legislature never has authorized. Because the majority's result violates any plausible construction of plaintiff's statutory right of "inspection" regarding defendant's records under ORS 554.120(1), I cannot join it. Accordingly, I dissent from the majority's decision.