On respondent's petition for reconsideration filed December 1, and appellant's response filed December 11, 1998, petition for reconsideration allowed; former opinion (157 Or App 395, 968 P2d 860) withdrawn; affirmed April 28, 1999

PLATT ELECTRIC SUPPLY, INC.,
*Respondent,*

*v.*

Gary VAN HORN,
Bud Embree, Lola Kohlruss,
Ron Dodge, and Gwen Van Denbosch,
*Appellants.*

(97P-1076; CA A99338)

982 P2d 1

Frederick A. Batson and Gleaves, Swearingen, Larsen, Potter, Scott & Smith LLP for petition.

Mark B. Comstock and Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C. for response.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Platt Electric Supply, Inc., petitions for reconsideration of our decision in *Platt Electric Supply, Inc. v. Van Horn*, 157 Or App 395, 968 P2d 860 (1998), which was decided in a per curiam opinion on the same grounds as *Platt Electric Supply, Inc. v. JC Northwest, Inc.*, 157 Or App 79, 967 P2d 924 (1998). Platt has petitioned for reconsideration of our decision on the same basis that it advanced in its petition for reconsideration in *Platt Electric Supply, Inc. v. JC Northwest, Inc.*, 159 Or App 328, 976 P2d 1186 (1999), and we allow reconsideration for the reasons expressed in our opinion on reconsideration in that case.

We write in the present case to address an issue that we did not address in our opinion on reconsideration in *Platt Electric Supply, Inc. v. JC Northwest, Inc.*, that is, whether a housing authority is a "public agency" for purposes of ORS chapter 279. We did not reach that question in *Platt Electric Supply, Inc. v. JC Northwest, Inc.*, because in that case, the housing authority had admitted in the court below that it was a public contracting agency. In this case, defendants, who were directors of the Polk County Housing Authority,[1] made no such admission.

Defendants frame the question as an evidentiary one: They assert that, because Platt presented no evidence that the housing authority was a political subdivision of the state, the trial court erred in granting Platt summary judgment on that point. We disagree with defendants that the issue is ultimately one of evidentiary sufficiency. Rather, whether a housing authority—a creature of statute—is a "public agency" for purposes of ORS chapter 279 is purely a question of law.

In interpreting a statute, we attempt to ascertain the intent of the legislature. We first turn to the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The context of a statute

---

[1] The directors' liability is under ORS 279.542(2), which provides that, if a contract is let without the required bond and the contractor fails to pay its subcontractors, the officers of the public body that let the contract are jointly liable.

includes related statutes. *Id.* at 611. If we determine that the meaning of a statute is clear from its text and context, our inquiry is over. In the present case, we conclude that the answer is clear from the text and context, for the reasons set forth below.

ORS 279.011(7) provides the following definition of "public agency" as used in ORS 279.005 to 279.111:

"'Public agency' or 'public contracting agency' means any agency of the State of Oregon or any political subdivision thereof authorized by law to enter into public contracts and any public body created by intergovernmental agreement."

Public agencies, as defined in this section, are subject to the bonding requirements set forth in ORS 279.029. Such agencies, as well as their officers who authorize contracts for which bonds are required but not obtained, may be liable to unpaid subcontractors under ORS 279.542.

Defendants argue that the Polk County Housing Authority does not fall within the definition of "public agency" found in ORS 279.011(7) because, although the county is a subdivision of the state, the housing authority is created by the *county* and thus is not a subdivision of the *state*. From that premise, defendants reason that housing authorities are not subject to the public contracting requirements found in ORS chapter 279, including the bonding requirements of ORS 279.029.

ORS 456.055 defines "housing authority" as "any public corporation created under ORS 456.055 to 456.235." ORS 456.075 provides that

"there hereby is created a public body corporate and politic to be known as the 'housing authority' of the city or county. However, the housing authority shall not transact any business or exercise its powers until or unless the governing body of the city or the county, by proper resolution, declares that there is need for an authority to function in such city or county. The governing body of the city or county shall also elect to have the powers of a housing authority exercised in any one of the two ways provided in ORS 456.095(1) [concerning appointment of commissioners]."

■ The question of whether such an entity is a "public agency" for purposes of ORS chapter 279 is resolved contextually by reference to two provisions of chapter 279. Together, they demonstrate that the legislature intended the public contracting and bonding requirements of ORS 279.005 through ORS 279.111 to apply to public corporations such as county housing authorities.[2] First, ORS 279.055(1) permits every county to create a local contract review board. Section (2) of that statute provides that "[a]ny other *local* public agency having a governing body may adopt a resolution or ordinance creating its governing body as a local contract review board for that public agency." (Emphasis added.) Second, ORS 279.095 provides for the operation, maintenance and disposition of personal property under the control of local public bodies. Subsection (2) of that statute provides:

> "For the purposes of this section, 'local public body' includes any city, county, port district, school district, special district or other political subdivision or municipal or public corporation and any instrumentality thereof, and any public body created by an intergovernmental agreement to which a local public body is a party."

From those two provisions to which the definition of "public agency" found in ORS 279.011(7) applies, we conclude that the legislature intended bodies such as county housing authorities to be included within the definition of public agencies. ORS 279.055 clearly contemplates—indeed presumes—the existence of "local" public agencies other than counties that are subject to the public contracting requirements of ORS chapter 279. That statute, standing alone, does not *definitively* answer the question presented here, though, because it does not precisely describe the type of "local public agency" to which it refers. In all events, ORS 279.095(2) does address the issue precisely. That statute's definition of "local public body" expressly encompasses "any * * * public corporation," which includes a housing authority.

■ We conclude that public corporations, including local housing authorities, are public agencies within the ambit of

---

[2] We are not convinced that defendants correctly characterize a housing authority as created by the county. Under ORS 456.075, a county may, in essence, *activate* its housing authority, but it does not create it. The statute itself creates the housing authority. In any event, our analysis does not rest on whether the housing authority is created by a county or by statute.

the public contracting provisions of ORS 279.005 through ORS 279.111. Consequently, the trial court correctly concluded that the Polk County Housing Authority was a "public agency" subject to the bonding requirements of ORS 279.029. For that reason, and for the reasons set forth in our opinion on reconsideration in *Platt Electric Supply, Inc. v. JC Northwest, Inc.*, the trial court properly granted Platt's motion for summary judgment.

Petition for reconsideration allowed; former opinion withdrawn; affirmed.