Argued and submitted March 16, reversed and remanded December 19, 2007, appellant and respondent's joint petition for reconsideration filed January 16 allowed by opinion April 16, 2008
See 219 Or App 337, _____ P3d _____ (2008)

# FARMERS INSURANCE COMPANY OF OREGON,
*Plaintiff-Respondent,*

*v.*

## David L. CONNER,
*Defendant-Appellant.*

### Multnomah County Circuit Court
050201275; A130830

174 P3d 1058

Meagan A. Flynn argued the cause and filed the briefs for appellant.

Thomas M. Christ argued the cause for respondent. With him on the brief were Julie A. Smith and Cosgrave Vergeer Kester LLP.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe,* Judges.

WOLLHEIM, J.

---

* Sercombe, J., *vice* Riggs, S. J.

## WOLLHEIM, J.

Defendant David L. Conner (Conner) appeals a judgment that required him to reimburse plaintiff Farmers Insurance Company of Oregon (Farmers) for personal injury protection (PIP) benefits that Farmers paid to him following an automobile accident. On appeal, Conner argues that the trial court erred in concluding that Farmers is entitled to that reimbursement. For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings.

Pursuant to ORCP 66, the parties presented this case to the trial court as a submitted controversy and stipulated to the following facts.[1] Conner was injured when his vehicle was struck by a vehicle driven by Herr, who was insured under a liability policy with bodily injury limits of $25,000 per person. Conner was insured by Farmers; he had PIP coverage up to $100,000 and uninsured/underinsured (UM/UIM) motorist coverage of $50,000 per person. As a result of the collision with Herr, Farmers paid Conner PIP benefits in the amount of $28,589.20. Conner also recovered $25,000 from Herr's insurer. Conner then sought UIM benefits from Farmers, and the parties submitted that claim to binding arbitration. The arbitrator determined that Conner

---

[1] ORCP 66 provides, in part:

"**A Submission without action.** Parties to a question in controversy, which might have been the subject of an action with such parties plaintiff and defendant, may submit the question to the determination of a court having subject matter jurisdiction.

"A(1) **Contents of submission.** The written submission shall consist of an agreed statement of facts upon which the controversy depends, a certificate that the controversy is real and that the submission is made in good faith for the purpose of determining the rights of the parties, and a request for relief.

"* * * * *

"A(3) **Effect of the submission.** From the moment the submission is filed, the court shall treat the controversy as if it is an action pending after a special verdict found. The controversy shall be determined on the agreed case alone, but the court may find facts by inference from the agreed facts. If the statement of facts in the case is not sufficient to enable the court to enter judgment, the submission shall be dismissed or the court shall allow the filing of an additional statement."

(Boldface in original.)

suffered economic damages in the amount of $30,376.99 and noneconomic damages in the amount of $60,000.

The parties then disagreed as to whether, based on the arbitrator's determination of damages, Conner was required to reimburse Farmers for the PIP benefits that it had paid. Farmers argued that it was entitled to reimbursement pursuant to ORS 742.544, which provides:

"(1) A provider of personal injury protection benefits shall be reimbursed for personal injury protection payments made on behalf of any person only to the extent that the total amount of benefits paid exceeds the economic damages as defined in ORS 31.710 suffered by that person. As used in this section, 'total amount of benefits' means the amount of money recovered by a person from:

"(a) Applicable underinsured motorist benefits described in ORS 742.502(2);

"(b) Liability insurance coverage available to the person receiving the personal injury protection benefits from other parties to the accident;

"(c) Personal injury protection payments; and

"(d) Any other payments by or on behalf of the party whose fault caused the damages."

According to Farmers, Conner's "total amount of benefits" of $78,589.20 ($28,589.20 in PIP benefits, $25,000 in UIM benefits to which Conner was entitled, and $25,000 from Herr's insurance) exceeded his economic damages of $30,376.99 by $48,212.21. Thus, Farmers argued, it was entitled to be reimbursed for the full amount of PIP benefits, or $28,589.20, pursuant to ORS 742.544.

In response, Conner made two arguments. First, he argued that ORS 742.544 does not apply where PIP benefits and UIM benefits are provided by the same insurer, as in this case. Instead, he contended, ORS 742.542 applies to that circumstance. That statute provides:

"Payment by a motor vehicle liability insurer of personal injury protection benefits for its own insured shall be applied in reduction of the amount of damages that the insured may be entitled to recover from the insurer under uninsured or underinsured motorist coverage for the same

accident but may not be applied in reduction of the uninsured or underinsured motorist coverage policy limits."

Alternatively, Conner argued that, if both ORS 742.542 and ORS 742.544 are applicable, they are in conflict. And, in Conner's view, in the event of such a conflict, ORS 742.542 must control because it is the more specific of the two statutes; that is, Farmers should not be permitted to "invoke the reimbursement provision of ORS 742.544 to accomplish the reduction of UM/UIM policy limits that the legislature has specifically prohibited."

The trial court ruled in favor of Farmers, concluding that "both statutes can and must be applied to the circumstances presented." First, the court rejected the argument that ORS 742.544 applies only when PIP and UIM payments are made by different insurers:

"The statute is clear: 'A provider of personal injury benefits shall be reimbursed for [PIP] payments made on behalf of any *person* * * *' ORS 742.544(1) (emphasis added). Nothing in the statute limits this requirement to situations in which the UIM carrier does not pay PIP to its own insured."

(Brackets and ellipsis in original.) The court then observed that reimbursement under these circumstances does not offend ORS 742.542 because Conner "will still satisfy his UIM policy limit of $50,000 through payments from Mr. Herr and [Farmers]." Thus, the court ruled that, "[b]ecause total benefits exceed economic damages by more than the amount of PIP paid, ORS 742.544 requires full reimbursement of the PIP payments in the amount of $28,589.20." The court then entered judgment in favor of Farmers in the amount of $28,589.20, to be offset by Farmers's obligation to pay $25,000 in UIM benefits.

On appeal, Conner assigns error to the trial court's conclusion that Farmers is entitled to be reimbursed for PIP benefits. He reiterates his arguments below that "[a] provider of [UIM] coverage may not recover the value of PIP payments to its insured by reduction of its liability for UIM benefits unless the insured is first made whole" and that ORS 742.544 must be viewed "as a floor, guaranteeing to all insureds priority in recovering economic damages but without precluding a more favorable recovery priority for specific

insureds." Farmers, meanwhile, contends that there is no conflict between ORS 742.542 and ORS 742.544 and that the trial court applied the two statutes correctly.

While this appeal was pending, we decided a case involving facts very similar to this case. *Gaucin v. Farmers Ins. Co.*, 209 Or App 99, 146 P3d 370 (2006). In *Gaucin*, the insured held an insurance policy with Farmers that provided $25,000 in PIP coverage and $50,000 in UM/UIM coverage. 209 Or App at 101. The insured was injured in an automobile accident and incurred at least $55,484 in economic damages. The other motorist, who was at fault, was underinsured, and the insured sought and received $25,000 in PIP benefits from Farmers. The insured then settled with the underinsured motorist's insurance carrier for $25,000, leaving him with at least $5,484 in uncompensated economic damages and an unspecified amount of noneconomic damages. *Id.* The insured then filed a claim with Farmers for UIM benefits. *Id.*

Farmers then tendered UIM benefits to the insured on the condition that the insured reimburse Farmers for the PIP payment of $25,000 that it previously made, "asserting that reimbursement was authorized under ORS 742.544(1)." 209 Or App at 101. The insured then sought a declaratory judgment that (1) Farmers was not entitled to PIP reimbursement under ORS 742.544; (2) the effect of PIP payments by Farmers "falls under the statutory set-off scheme set out in ORS 742.542"; and (3) the reimbursement scheme of ORS 742.544 does not apply to the set-off scheme set out in ORS 742.542. 209 Or App at 101-02.

The second and third declarations sought in *Gaucin* presented the trial court with the same legal questions that the trial court answered in this case. In fact, the trial court in *Gaucin* engaged in an exercise nearly identical to the trial court's approach in this case. Initially, the trial court in *Gaucin* applied ORS 742.542 to determine the insured's entitlement to PIP and UIM benefits and "stacked" the UIM benefits and PIP benefits. *Id.* at 102. The court then applied the reimbursement scheme in ORS 742.544 in a way that *negated* the effect of stacking, *i.e.*, required the insured to pay back PIP benefits. *Id.* at 102 n 4. We explained that

"[t]he motive behind this dispute lies in a significant difference between the reduction scheme in ORS 742.542 and the reimbursement scheme in ORS 742.544. The former would permit plaintiff to fully recover all of his damages; it is referred to as a 'make whole' provision, while the latter permits recovery of only economic damages, and is called a 'make half' provision."

*Id.* at 103 n 5.

On appeal, however, we addressed only the insured's first requested declaration and his related argument that "ORS 742.544 does not entitle the insurer to reimbursement; it simply specifies that, if some other statute provides entitlement to reimbursement, that reimbursement is limited so as to protect [an insured's] full recovery of economic damages." 209 Or App at 103. More specifically, we addressed the insured's argument that a PIP provider must invoke its rights under either ORS 742.534, ORS 742.536, or ORS 742.538 as the basis for an entitlement to reimbursement. Ultimately, we agreed with the insured on that point and held that

"ORS 742.544 does not independently authorize PIP insurance reimbursement. Rather, it (1) prioritizes the PIP insured as the recipient of PIP benefits up to the amount of the insured's economic damages, even where the insured has received payment from the tortfeasor, and (2) limits a PIP insurer's reimbursement to the amount of PIP benefits that exceed the PIP insured's economic damages as defined in the statute. The court erred in granting [Farmers's] motion for summary judgment on the basis that ORS 742.544(1) entitles [Farmers] to PIP reimbursement."

*Id.* at 109. Thus, because ORS 742.544 did not authorize PIP reimbursement, it was not necessary for us to resolve any perceived conflict between ORS 742.542 and ORS 742.544.

Despite its similarities to this case, Farmers contends that *Gaucin* is distinguishable. According to Farmers, *Gaucin* turned on a procedural defect: In that case, Farmers had not followed the procedural requirements of ORS 742.534, ORS 742.536, or ORS 742.538, and therefore could not avail itself of ORS 742.544 as an independent authorization for those benefits. Here, Farmers asserts, Conner "has

not argued, in the trial court or on appeal, that Farmers is precluded from seeking PIP reimbursement because it did not invoke [ORS 742.534, ORS 742.536, or ORS 742.538]."

Farmers is correct that the issues presented in *Gaucin* were different from those framed by Conner. Even assuming that the result in *Gaucin* turned on Farmers's failure to follow the procedural requirements of the PIP reimbursement statutes, however, our construction of ORS 742.544 was not as limited as Farmers suggests. In *Gaucin*, we held that ORS 742.544(1) does not "independently authorize" the reimbursement of PIP benefits; rather, it establishes a priority in favor of insureds and acts only as a limitation on the amount of PIP benefits that must be reimbursed. It is apparent from our analysis in *Gaucin*—based on the text, context, and legislative history of ORS 742.544—that the statute does not create *any* entitlement on behalf of *insurers*, whether procedural or substantive; rather, the statute operates solely for the benefit of *insureds* by limiting the amount that insureds must reimburse. *See Gaucin*, 209 Or App at 104-09.

■ We conclude that our reasoning in *Gaucin*—specifically, our construction of ORS 742.544—compels us to reverse the judgment in this case. Here, the trial court ruled that ORS 742.544 "requires full reimbursement of the PIP payments" in this case, notwithstanding ORS 742.542. As we explained in *Gaucin*, ORS 742.544 does not itself *require* any reimbursement; the statute simply *limits* the amount of reimbursement to which a provider of PIP benefits may otherwise be entitled. *See Gaucin*, 209 Or App at 108-09 (quoting legislative history of ORS 742.544 to the effect that, "What [ORS 742.544] basically says is the money from the liability carrier will first go to pay the economic damages of the injured person, then if there is more money left over * * * that will be used to reimburse PIP.").

■■ Although Conner has not framed his arguments in precisely those terms, we nevertheless conclude that the issue of whether ORS 742.544 entitles Conner to reimbursement was adequately preserved for our review. In the trial court, Farmers submitted the following questions for determination:

"What obligation, if any, does [Conner] have to reimburse [Farmers], pursuant to ORS 742.544, for PIP benefits previously paid on behalf of [Conner], under the stipulated facts? Alternatively, does ORS 742.542 vitiate the right of [Farmers] to receive reimbursement pursuant to ORS 742.544 under the stipulated facts of this case?"

In response, Conner argued that ORS 742.544 was inapplicable and that ORS 742.542 precluded reimbursement. On appeal, Conner shifts his focus to the application of ORS 742.542, but still contends that ORS 742.544 must be construed "as a floor, guaranteeing to all insureds priority in recovering economic damages but without precluding a more favorable recovery priority for specific insureds." The trial court was presented with the relevant statutory scheme and had the opportunity to determine whether, based on the stipulated facts, Farmers was entitled to reimbursement. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) ("[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted."). Likewise, on appeal, Conner's arguments adequately invoked the applicability and construction of ORS 742.544, and we have an obligation to properly construe the applicable statutory scheme. *See Miller v. Water Wonderland Improvement District*, 326 Or 306, 309 n 3, 951 P2d 720 (1998) ("[T]he parties may not prevent a court from noticing and invoking an applicable statute by relying only on other sources of law."); *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) ("In construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties.").

Our obligation to properly construe the applicable statutes takes on particular importance in the context of a statutory scheme as complicated and interrelated as that governing PIP reimbursement and UM/UIM coverage. The question that the parties have framed for us—the potential conflict between ORS 742.542 and ORS 742.544—depends on a false premise: that ORS 742.544 provides a substantive entitlement to reimbursement of PIP benefits that must be reconciled with ORS 742.542. Now, faced with *Gaucin*,

Farmers asks us to simply *assume* that it is entitled to reimbursement of PIP benefits under some other statute and to decide whether ORS 742.542 limits any such reimbursement to which it is otherwise entitled. It is not clear from the stipulated facts before us what, if any, entitlement Farmers would have to PIP reimbursement in this case apart from ORS 742.544. In response to questions at oral argument, Farmers's counsel suggested that the most likely source of entitlement would have been ORS 742.538, which, under certain circumstances, authorizes reimbursement of PIP benefits to a PIP provider who "is entitled by the terms of its policy to the benefit" of that section. We decline, on this record, to determine whether a hypothetical conflict exists in the statutes governing PIP and UM/UIM benefits where it is not even clear what statutes and/or policy terms are at issue.

For the reasons discussed above, we conclude that the trial court erred in determining that ORS 742.544 requires PIP reimbursement on these facts. Conner asks us to reverse the judgment and to instruct the trial court to enter judgment in his favor based on ORS 742.542. Again, on the record before us, the source, if any, of Farmers's statutory entitlement to reimbursement of PIP benefits is not evident; thus, the import of ORS 742.542 is unclear at this point. If Farmers indeed lacks any such entitlement, a determination by this court concerning the effect of ORS 742.542 on PIP reimbursement would be purely advisory. Given the procedural posture of this submitted controversy, we elect to remand the case for reconsideration by the trial court. Under ORCP 66 A(3), "[if] the statement of facts in the case is not sufficient to enable the court to enter judgment, the submission shall be dismissed or the court shall allow the filing of an additional statement." Here, the trial court may consider in the first instance—now in light of *Gaucin*—whether the facts are sufficient to enable it to enter judgment in favor of Conner or whether to allow the filing of an additional statement.

Reversed and remanded.